UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANICE K. ADAMS, ET AL | CIVIL ACTION |
| VERSUS | NO. 07-6827 |
| THE HANOVER INSURANCE COMPANY | SECTION:  C (2) |

### ORDER

This matter is before the Court on the issue of its subject matter jurisdiction in this removed action.  The Court previously ordered briefing on whether the jurisdictional amount of $75,000 existed at the time of removal (Rec. Doc. 3). Having considered the record, the memoranda and the law, the Court has determined that it lacks jurisdiction for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction.  *Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises

1

the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.*   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  *Id.*  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).  The jurisdictional facts supporting removal are examined as of the time of removal.  *See Gebbia v. Wal-Mart Stores, Inc*. 233 F.3d 880, 883 (5th Cir. 2000).

   In response to the Court's order, the Hanover Insurance Company ("Hanover") filed a memorandum that attempted to show that the jurisdictional minimum was met (Rec. Doc. 4).  To illustrate the amount in controversy, Hanover points to the plaintiffs' policy limit of $218,000 for the main  dwelling, and $66,000 for the guest house, and the plaintiff's allegations (Petition, ¶ 4) that plaintiffs' property "received extensive wind, rain and falling tree damage."  Hanover also the plaintiffs have refused to stipulate that they will not seek or accept an award in excess of $75,000.  Hanover offers no other evidence of the amount of damages in controversy.

It is not facially apparent nor have facts been set forth at this time to show that the jurisdictional minimum was met on the date of removal.  The relevant inquiry concerns damage to the property, not the value of the policy.  The vague allegations of "extensive" damage that Hanover points to do not suffice to satisfy the Court that the jurisdictional minimum existed on the date of removal.  Furthermore, although Hanover notes that plaintiffs have failed to sign a binding stipulation, a failure to stipulate is only one factor to consider in determining whether a removing party has met its burden, and alone does not establish that this Court has jurisdiction. *See Carbajal v. Caskids Oil Operating Co.*, 2006 WL 1030392 (E.D.La.).

Thus, based on the record and the law, the Court finds that the defendant has not established that it is facially apparent that the claims are likely above the jurisdictional minimum or set forth facts in controversy that support a finding of the jurisdictional minimum.  The Court is mindful that removal jurisdiction is strictly construed.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is hereby REMANDED to the 22nd Judicial District

Court for the Parish of Washington, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 27th day of December, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE